**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LEXINGTON**
**CIVIL ACTION NO. 12-59-DLB-JGW**

**CHARLES SMITH**                                                     **PETITIONER**

**V.**

**DANIEL AKERS, WARDEN**                                   **RESPONDENT**

**REPORT AND RECOMMENDATION**

Pending is petitioner Charles Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Doc. 1. After considering the record and the applicable law, I recommend that the petition be denied.

**I. Factual and Procedural History**

As related by the Kentucky Court of Appeals in its January 2011 opinion affirming petitioner's conviction and sentence, the germane underlying facts are:

> In November 2007, the Kentucky State Police, utilizing an informant who had earlier been arrested for selling drugs, set up a drug sting operation at the Days Inn in Richmond, Kentucky. Subsequently, Charles E. Smith and Deonte Simmons were arrested at the hotel while attempting to sell cocaine in the presence of an undercover police officer. The police also arrested Jamie L. Clay, who had driven Smith and Simmons to the hotel, but remained in the car during the drug transaction.
> Smith and Simmons were jointly indicted by a Madison County Grand Jury upon the offenses of first-degree trafficking in a controlled substance and with being second-degree persistent felony offenders. Smith was also charged with possession of marijuana. Smith and Simmons were jointly tried. Kentucky Rules of Criminal Procedure (RCr) 9.12. Smith was found guilty upon the offenses of first-degree trafficking in a controlled substance, possession of marijuana, and with being a second-degree persistent felony offender; Simmons was found guilty upon the offenses of complicity to commit first-degree trafficking in a controlled substance and with being a second-degree persistent felony offender.

Doc. 1-6, p. 2-3.[1] Before sentencing, petitioner filed an unsuccessful motion for a new trial. Doc. 12-5. The crux of that motion was petitioner's contention that petitioner's jury was not derived from a fair cross-section of the community because African-Americans are systematically under-represented on jury venires. In June 2008, petitioner was sentenced to fifteen years' imprisonment. Doc. 12-6. The Kentucky Court of Appeals issued its opinion affirming petitioner's conviction and sentence in 2011 and petitioner filed this §2254 petition in February 2012.

**II. Analysis**

Petitioner raises the same basic three arguments he raised in his direct appeal. First, he contends his "ALL-WHITE JURY VENIRE PANEL REFLECTED SYSTEMATIC UNDER-REPRESENTATION OF AFRICAN-AMERICAN JURORS IN MADISON COUNTY AND VIOLATED THE 'FAIR CROSS SECTION' REQUIREMENT." Doc. 1-1, p. 5. Second, he contends that the "INTRODUCTION OF CO-DEFENDANT JAMEY CLAY'S STATEMENT THAT SHE 'KNEW WHAT WAS GOING ON' INCRIMINATED THE HEREIN PETITIONER AND VIOLATED CRAWFORD." *Id.* at p. 13. Finally, petitioner contends that "THE [TRIAL] COURT ERRED BY DEFINING TRAFICKING [sic] AS A 'SALE OR TRANSFER,' BY DENYING A DIRECTED VERDICT REGARDING A 'SALE' AND CAUSING AN INCONSISTENT VERDICT." None of the three arguments entitles petitioner to relief.

---

[1] The Kentucky Court of Appeals vacated Simmons' conviction and sentence for an argument not raised by petitioner. The Commonwealth successfully moved for discretionary review from the Kentucky Supreme Court. Case 2011-SC-118. That case is still pending before the Kentucky Supreme Court. *See* http://apps.courts.ky.gov/supreme/sc_dockets.shtm (Enter case 2011-118 in the search engine). However, petitioner's convictions and/or sentence were affirmed by the Kentucky Court of Appeals and it is uncontested that petitioner has no matters pending before the Kentucky Supreme Court. *See* Doc. 5-1 (letter from petitioner's appellate counsel providing, in relevant part, that the case pending on discretionary review involves only Simmons).

**A. Fair Cross-Section Claim Procedurally Defaulted**

According to petitioner, African-Americans constitute 4.4% of the population of Madison County but there were no African-Americans on his jury venire panel. Petitioner asserts that the trial court agreed that the method of jury selection did not ensure adequate representation of minority jurors but nonetheless overruled petitioner's objection to the panel because the method of jury selection had been approved by the Kentucky Supreme Court. The trial court also overruled petitioner's similar post-trial motion for a new trial.

Respondent does not contest the facts related by petitioner. Instead, respondent asserts that the federal habeas claim has been procedurally defaulted because petitioner failed to comply with a state procedural rule requiring the Kentucky Attorney General to be notified of challenges to the constitutionality of a statute. I agree.

Kentucky Revised Statute (KRS) 29A.040 governs selection of prospective jurors in Kentucky state courts. KRS 29A.040 provides that "[a] list of all persons over the age of eighteen (18) and holding valid driver's licenses which were issued in the county, of the names and addresses of all persons filing Kentucky resident individual income tax returns which show an address in the county, and of all persons registered to vote in the county shall constitute a master list of prospective jurors for a county." Relying on a 2005 statistical study from Wisconsin showing that the percentage of minorities possessing a driver's license is lower than the percentage of license-possessing Caucasians,[2] petitioner asserts that KRS 29A.040 is unconstitutional.

Petitioner raised his claim that KRS 29A.040 is unconstitutional to the trial court and in his direct appeal to the Kentucky Court of Appeals. However, the Kentucky Court of Appeals declined

---

[2] *See* Doc. 1-3, p. 11-33.

to consider the merits of the argument because petitioner had not complied with KRS 418.075, which requires notice to be given to the Kentucky Attorney General when a challenge to the constitutionality of a statue is raised.[3] Specifically, the Kentucky Court of Appeals held as follows:

> It is well-established that KRS 418.075 and CR [Kentucky Rule of Civil Procedure] 24.03 require a party challenging the constitutionality of a statute to serve the Attorney General with notice of such challenge. *Brashars v. Commonwealth*, 25 S.W.3d 58 (Ky. 2000); *Benet v. Commonwealth*, 253 S.W.3d 528 (Ky. 2008). KRS 418.075 specifically mandates that notice to the Attorney General must be given prior to the entry of the trial court's judgment. *Benet*, 253 S.W.3d 528. And, the Kentucky Supreme Court recently held "[w]e have made plain that strict compliance with the notification provisions of KRS 418.075 is mandatory." *Benet*, 253 S.W.3d at 532. More particularly, a party's failure to strictly comply with the notification provision of KRS 418.075 will result in a constitutional challenge being deemed unpreserved and not subject to review upon the merits. *Brashars*, 25 S.W.3d 58; *Benet*, 253 S.W.3d 528.
> In the case *sub judice*, it is uncontroverted that neither Smith nor Simmons gave notice to the Attorney General of their challenge to the constitutionality of KRS 29A.040 as required by KRS 418.075 and CR 24.03. As such, we conclude that their challenge to the constitutionality of KRS 29A.040 is unpreserved and may not be reviewed on appeal.

Doc. 12-16, p. 4-5 (internal footnote omitted).

"A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules. Therefore, if a

---

[3] KRS 418.075 provides in relevant part:
(1) In any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the petition and be entitled to be heard.
(2) In any appeal to the Kentucky Court of Appeals or Supreme Court or the federal appellate courts in any forum which involves the constitutional validity of a statute, the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum. This notice shall specify the challenged statute and the nature of the alleged constitutional defect.

petitioner procedurally defaults a claim in state court, that procedural default carries over to federal court and precludes habeas review of that claim in federal court." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). *See also Tolliver v. Sheets*, 594 F.3d 900, 927 n. 11 (6th Cir. 2010) ("A habeas petitioner procedurally defaults a claim if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.").

It is clear that the Kentucky Court of Appeals explicitly relied upon Kentucky's state procedural rule to decline to consider the merits of petitioner's fair cross-section argument. That procedural rule is firmly established and has been regularly followed by Kentucky courts.[4] *Id.* ("To be adequate, a state procedural rule must be firmly established and regularly followed by the time as of which it is to be applied.") (internal quotation marks omitted). It is plain, therefore, that petitioner's claim regarding the constitutionality of KRS 29A.040 has been procedurally defaulted.

A habeas petitioner can only overcome a procedural default by "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Duyst v. Rapelje*, 483 Fed.Appx. 36, 44 (6th Cir. 2012) (internal quotation marks and citation omitted). To

---

[4]Petitioner tersely argues that the procedural bar was not firmly established because *Benet v. Commonwealth,* one of the cases relied upon by the Kentucky Court of Appeals, was not issued until after petitioner's trial. That argument is without merit. *Benet* was indeed issued after petitioner's trial (but before petitioner filed a motion for a new trial). However, *even before petitioner's trial* Kentucky courts had regularly refused to consider challenges to the constitutionality of statutes if a party had not complied with the notice provisions of KRS 418.075 and/or CR 24.03. *See, e.g., Brashars v. Commonwealth*, 25 S.W.3d 58 (Ky. 2000); *Hayes v. Commonwealth*, 175 S.W.3d 574 (Ky. 2005); *Jacobs v. Commonwealth*, 947 S.W.2d 416 (Ky.App. 1997).

establish cause, petitioner must show "a substantial reason that is external to himself and cannot be fairly attributed to him." *Tolliver*, 594 F.3d at 928 (internal quotation marks and citation omitted). Petitioner argues that the failure to comply with KRS 418.075 should not be held against him because it was counsel's responsibility to properly raise the issue in state court. Though it is not phrased as such, the Court construes the gist of petitioner's argument to be that the procedural default was caused by ineffective assistance of counsel.

Under "certain circumstances[,] counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to demonstrate cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). However, an ineffective assistance of counsel claim "generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 452 (internal quotation marks and citation omitted). Petitioner has not raised an ineffective assistance of counsel claim in state court. Accordingly, he cannot rely upon counsel's purported ineffectiveness as cause to excuse his procedural default.[5] Since petitioner has not shown cause, the court need not address prejudice.[6]

---

[5] "To hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted is not to say that that procedural default may not *itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim." *Edwards*, 529 U.S. at 453. However, petitioner does not address the cause and prejudice test for the ineffective assistance of counsel claim and, accordingly, the Court need not. *See, e.g., Williams v. Anderson*, 460 F.3d 789, 807 (6th Cir. 2006) ("As Petitioner failed to argue cause and prejudice to excuse the default, we hold that the default is not excused and decline to reach the merits of Petitioner's due process claim.").

[6] To demonstrate prejudice, petitioner would have to demonstrate that he would prevail on the merits of his argument that Kentucky's law governing the selection of potential jurors is unconstitutional. *See, e.g., Tolliver*, 594 F.3d at 930, n. 13 ("It is doubtful that Tolliver could demonstrate prejudice, as in order to do so, he would need to demonstrate that he would prevail on the merits of his ineffective assistance claim. *See, e.g., Moore v. Carlton*, 74 F.3d 689, 692 (6th Cir.1996) (observing that the final step of considering a prejudice claim involves examining the merits of that claim). . . ."). Petitioner has presented no evidence from Kentucky showing

*Simpson*, 238 F.3d at 409 ("When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice."). In short, petitioner's fair cross-section claim has been procedurally defaulted and petitioner has not overcome that default.

### B. No Entitlement to Relief for Testimony Regarding Statement of Co-Defendant

Petitioner's next argument is that his right to cross-examine witnesses was denied when a detective testified regarding a statement allegedly made by co-defendant Jamey Clay. Specifically, the prosecution asked a detective if "she [Clay] knew what they [petitioner and Simmons] were going to do?" Doc. 12-14, p. 22.[7] After petitioner's counsel's objection was overruled, Clay answered "[y]es." *Id.* As he did in his direct appeal, petitioner contends the testimony was incriminating and violated his cross-examination rights under *Crawford v. Washington*, 541 U.S. 36 (2004).[8]

The Kentucky Court of Appeals concluded that any error was harmless, holding:

---

that there is a systematic under-representation of minorities on Kentucky state jury venires. As the Commonwealth noted in its brief to the Kentucky Court of Appeals, the scant statistical evidence from Wisconsin presented by petitioner "has not bearing on why systematic under-representation is allegedly occurring in Kentucky . . . . Smith's fair cross-section claim is based on what is happening in this state, not some other state in a completely different part of the country." Doc. 12-14, p. 20. In short, petitioner has shown that his jury venire contained no African-Americans. He has not met his burden to extrapolate from that fact that African-Americans are systematically excluded from Kentucky state court jury venires. As the Sixth Circuit recently made plain, "the composition of one panel does not indicate whether a fair cross-section claim exists." *Ambrose v. Booker*, 684 F.3d 638, 645 (6th Cir. 2012). For the same reason, petitioner cannot show that a substantial miscarriage of justice will ensue if the procedural default rule is applied to his fair cross-section argument.

[7]Respondent has not placed the videotapes of the trial in the record but the parties do not contest the relevant underlying facts and testimony.

[8]At its core, the Court held in *Crawford* that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59.

> In this case, the evidence presented at trial against Smith was overwhelming. The record reveals that an informant arranged to purchase drugs by calling Smith's cell phone; Simmons answered the cell phone; the informant relayed that he had $275 to purchase drugs; Smith and Simmons then arrived at the hotel room with cocaine as arranged per the call; Smith pulled the cocaine from his pocket; the delivery of the cocaine was witnessed by an undercover detective; and the detective knew Smith "ran" with drug dealers. Thus, even if Detective Hon and Detective Anderson's objectionable testimony was excluded from evidence, we cannot say the jury verdict would have been different; i.e., Smith would have been acquitted. Stated differently, we believe the admission of Detective Hon and Detective Anderson's objectionable testimony constituted harmless error.

Doc. 12-16, p. 6.

Confrontation clause errors of the sort discussed in *Crawford* may be deemed harmless. *See, e.g., Cook v. Smith*, 471 Fed.Appx. 437, 440 (6th Cir. 2012). "Harmless-error review inquires whether the constitutional violation had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (internal quotation marks and citation omitted). *See also Fry v. Piller*, 551 U.S. 112, 121 ("We hold that in § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard . . . ."). Among the factors a habeas court must consider in determining whether the error was harmless is the strength of the prosecutions's case. *Cook*, 471 Fed.Appx. at 440. The Kentucky Court of Appeals' "harmless error decision is itself entitled to deference . . . ." *Id.* at n.2.

Petitioner contends that it was "devastating" for the detective to testify that Clay knew what was going on. However, petitioner does not refute the Court of Appeals' recitation of the plethora of damning evidence presented against him at trial. Specifically, an informant arranged to purchase drugs by calling petitioner's cell phone, which was answered by Simmons; petitioner and Simmons arrived at a hotel room with cocaine as per the arrangements made during the cell phone call; petitioner pulled cocaine from his pocket; and an undercover detective witnessed the delivery of the

8

cocaine. Accordingly, it is not reasonable to conclude that the fleeting presentation of the statement of Clay "had a substantial and injurious effect or influence in determining the jury's verdict[,]" *Cook*, 471 Fed.Appx. at 440, meaning that petitioner is not entitled to habeas relief, even if it is assumed for purposes of discussion that the introduction of the testimony at issue was erroneous.

### C. No Entitlement to Relief Based Upon Jury Instructions

The trial court instructed the jury that it could find petitioner guilty of trafficking in a controlled substance if it found that he "sold or transferred cocaine . . . ." Doc. 12-4, p. 4. Although his argument is rambling, the crux of petitioner's argument is that there was insufficient evidence to support a conclusion that he sold cocaine. Petitioner thus contends that his conviction for trafficking in a controlled substance represents an "inconsistent verdict in violation of the 14th Amendment and Sections 2 and 11 of the Kentucky Constitution." Doc. 1-1, p. 17. The Kentucky Court of Appeals rejected petitioner's argument on the merits, concluding that "sufficient evidence existed upon which a jury could find that Smith engaged in the sale of cocaine." Doc. 12-16, p. 9.

Petitioner is not entitled to habeas relief for several reasons. First, any violation of Kentucky state law does not entitle petitioner to federal habeas relief. *See, e.g., Bowling v. Parker*, 138 F.Supp. 2d 821, 906 (E.D.Ky. 2001), *aff'd* 344 F.3d 487 (6th Cir. 2003) ("neither a violation of state law nor a state court's decision applying purely state law may be reviewed by a federal habeas corpus court since any such errors in that regard are not of a constitutional magnitude."). Second, petitioner's inconsistent verdict argument before the Kentucky Court of Appeals was entirely based upon an alleged violation of Kentucky state law.[9] *See* Doc. 12-8, p. 19-23. Accordingly, this Court

---

[9]Petitioner did argue in passing to the Kentucky Court of Appeals that his conviction for trafficking "represents an inconsistent verdict in violation of the 14th Amendment and Sections 2 and 11 of the Kentucky Constitution." Doc. 12-8, p.23. However, fleeting and general

9

lacks jurisdiction to consider the issue. *Blackmon*, 394 F.3d at 400 ("Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts."). *See also Williams*, 460 F.3d at 806 ("a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures. . . . A claim is adequately raised on direct appeal if it was fairly presented to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his or her claim. Accordingly, a petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law.") (internal quotation marks and citations omitted). Finally, petitioner is not entitled to federal habeas relief because, unlike Kentucky law, there is no federal constitutional right to a unanimous verdict. *See, e.g., Jordan v. Berghuis*, 2009 WL 1798861, at *10 (E.D.Mich. June 23, 2009); ("While Michigan law provides a right to a unanimous verdict in criminal cases, there is no federal constitutional right to a unanimous verdict in criminal cases."); *Rogers v. Howes*, 64 Fed.Appx. 450, 454 (6th Cir. 2003) ("In *Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), the Supreme Court held that a conviction under an instruction that did not require the jury to unanimously agree upon one of the alternative theories of premeditated murder and felony murder did not constitute a denial of due process. The Court explained that it had 'never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission.' *Id.* at 631,

---

allegations of a violation of a federal constitutional right is insufficient for the claim to have been fairly presented to state courts. *See, e.g., Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("A petitioner need not cite chapter and verse of constitutional law, but [g]eneral allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated.") (internal quotation marks and citations omitted). Moreover, the Kentucky Court of Appeals did not analyze the issue as having been raised under federal law.

111 S.Ct. 2491.").

### III. Conclusion and Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus [Doc. 1] be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 18th day of January, 2013.



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

G:\Larry\2254 starting April 2011\12-59lex, SMITH, r&r deny 2254.wpd