**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CIVIL ACTION NO. 12-59-DLB-JGW**

**CHARLES SMITH**                                                                                             **PETITIONER**

**vs.**                                                **MEMORANDUM ORDER**

**DANIEL AKERS, WARDEN**                                                 **RESPONDENT**
*Marion Adjustment Center*

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Petitioner Charles Smith's Request to Hold This Action in Abeyance or, in the Alternative, Request for an Enlargement of Time in Which to File Particularized Objections to the Magistrate's Report and Recommendation (Doc. # 15). More specifically, Petitioner requests that the Court hold this case in abeyance until he exhausts his state court remedies for his claim of ineffective assistance of counsel. In the alternative, Petitioner requests an enlargement of time to file objections to the Report and Recommendation of Magistrate Judge Wehrman (Doc. # 14).

Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 29, 2012 (Doc. # 1). In that petition, he argued that his venire panel systematically under represented African-American jurors and thus violated the requirement that those panels represent a "fair cross section" of the community. (Doc. # 1, at 5); (Doc. # 1-1, at 5-13). In so doing, Petitioner challenged the constitutionality of KRS 29A.040(1), which reads:

> A list of all persons over the age of eighteen (18) and holding valid driver's licenses which were issued in the county, of the names and addresses of all persons filing Kentucky resident individual income tax returns which show an address in the county, and of all persons registered to vote in the county shall constitute a master list of prospective jurors for a county.

The Magistrate thereafter recommended that the petition be denied, as he rejected Petitioner's systematic under representation argument because his claim regarding the constitutionality of KRS 29A.040(1) was procedurally defaulted. (Doc. # 14, at 3-7). The Magistrate further noted that Petitioner could not overcome that default because he failed to raise an ineffective assistance of counsel claim in state court. (*Id.* at 6).

In light of the Magistrate's determination, Petitioner now seeks an abeyance so he can return to state court and pursue his unexhausted ineffective assistance of counsel claim. Specifically, Petitioner initially wants to present his claim that his failure to comply with KRS 418.075, which requires a party to give notice to the Kentucky Attorney General when challenging the constitutionality of a statute, was caused by ineffective assistance of counsel. *See* RCr 11.42 ("A prisoner in custody under sentence . . . who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it."). Once that claim is exhausted, he then wants to return to federal court and use it to excuse his procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (recognizing that counsel's ineffectiveness in failing properly to preserve a claim for review in state court can demonstrate "cause" to excuse a procedural default).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that district courts have discretion, in certain circumstances, to hold a mixed petition–a petition containing exhausted and unexhausted claims–in abeyance to allow a prisoner an opportunity to

2

exhaust his claims in state court and then to return to federal court for habeas review. However, "[a]beyance is appropriate only when the 'petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 999 (6th Cir. 2006) (quoting *Rhines*, 544 U.S. at 278).

Assuming *Rhines* is applicable,[1] an abeyance is nonetheless inappropriate in this case for two reasons. First, Petitioner has not demonstrated that he had "good cause" for failing to collaterally attack his conviction due to ineffective assistance of counsel prior to filing his petition. Instead, he generally asserts that he is "a pro se litigant unskilled in the field of law and his lack of legal training has been a source of confusion relative as to how, what, where, and when[] to make his substantive claims." (Doc. # 15, at 4). This does not suffice. *Cf. Hale v. Chandler*, No. 06-101-KKC, 2006 WL 3715781 (E.D. Ky. Dec. 14, 2006) (holding that the petitioner demonstrated "good cause" for not pursuing his state remedy because he had been seriously ill, which inhibited him from litigating properly).

Second, Petitioner has made no attempt to show that his constitutional challenge is potentially meritorious. To the contrary, the Supreme Court of Kentucky has held that an earlier version of KRS 29A.040, which "directed that the master list from which names of prospective jurors shall be selected shall consist of the voter registration lists and the property tax rolls for the county," was constitutional, as it "represent[ed] an effective manner

---

[1] Respondent asserts that the petition discussed herein is not mixed, but offers no justification for this assertion. The Court, then, will assume otherwise.

3

by which to insure representative jury panels from segments of the community."[2] *Ford v. Commonwealth*, 665 S.W.2d 304, 307-308 (Ky. 1983) (citations omitted).  Moreover, in *Smith v. White*, No. 3:11-CV-570-C, 2012 WL 3961233, at *12-13 (W.D. Ky. Aug. 7, 2012), Magistrate Judge Dave Whalin concluded that the petitioner therein could not satisfy the standard for habeas relief because fair-minded jurists could reasonably debate the Kentucky Court of Appeals application of *Duren v. Missouri*, 439 U.S. 357 (1979), i.e., that the petitioner "failed to demonstrate that the method for selection of the jury pool under KRS 29A.040 was unreasonable, or that any systemic exclusion of a distinctive group had resulted from the use of this statutory method of selection."  The Magistrate's report and recommendation was subsequently adopted by the Western District of Kentucky in *Smith v. Warden*, No. 11-570-C, 2012 WL 3947609 (W.D. Ky. Sept. 10, 2012).

Because he has neither demonstrated "good cause" nor made any attempt to show that his constitutional challenge is potentially meritorious, the Court declines to hold this case in abeyance while Petitioner returns to state court and pursues his unexhausted claim. However, he will be given an additional thirty (30) days to file particularized objections to the R&R, as Respondent does not oppose Petitioner receiving additional time to respond. Accordingly,

**IT IS ORDERED** as follows:

(1) Petitioner's Request to Hold This Action in Abeyance or, in the Alternative, Request for an Enlargement of Time in Which to File Particularized

---

[2]As Respondent points out, the Sixth Circuit later affirmed denial of the defendant's subsequent habeas petition in *Ford v. Seabold*, 841 F.2d 677 (6th Cir. 1988). However, the federal court did not directly comment on the constitutionality of KRS 29A.040 in rendering its decision.

4


Objections to the Magistrate's Report and Recommendation (Doc. # 15) is **GRANTED IN PART** and **DENIED IN PART**;

(2)   Petitioner's request that the Court hold this case in abeyance until he exhausts his state court remedies for his claim of ineffective assistance of counsel is **DENIED**;

(3)   Particularized objections to the Report and Recommendation of Magistrate Judge Wehrman (Doc. # 14) must be filed with the Clerk of the Court **within thirty (30) days of the date of entry of this Order.**

This 10th day of April, 2013.

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\ORDERS\Lexington\12-59 Order.wpd