UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 12-59-DLB-JGW

CHARLES SMITH                                               PETITIONER

vs.                                          **ORDER**

DANIEL AKERS, WARDEN                                        RESPONDENT
*Marion Adjustment Center*

*** *** *** ***

This matter is before the Court on the Report and Recommendation (Doc. # 14) of the United States Magistrate Judge wherein he recommends that Petitioner Charles Smith's Petition for Writ of Habeas Corpus (Doc. # 1) pursuant to 28 U.S.C. § 2254 be denied. Petitioner subsequently filed Objections to the Report and Recommendation (Doc. # 22), which are considered *de novo*. Respondent having filed no response to the objections, and the time for submitting a response having now expired, the Report and Recommendation and Petitioner's Objections are ripe for review. For the reasons that follow, Petitioner's Objections are **overruled**, the Magistrate's Report and Recommendation is **adopted** as the Opinion of the Court, and Petitioner's habeas petition is **denied.**

I.      INTRODUCTION

In this petition for writ of habeas corpus, Petitioner challenges his state court convictions for first-degree trafficking in a controlled substance, for possession of

1

marijuana, and for being a second-degree persistent felony offender.   (Doc. # 1). Specifically, Petitioner argues that his jury was not derived from a "fair cross section" of the community because African-Americans are systematically underrepresented on jury venires, that the introduction of his co-defendant's statement constituted a *Crawford* violation, and that there was insufficient evidence to support a conclusion that he sold cocaine.  (Doc. # 1, at 5-6); (Doc. # 14, at 2-3, 7 and 9).  Pursuant to local practice, the petition was referred to United States Magistrate Judge Gregory Wehrman for review and preparation of a report and recommendation.

In his Report and Recommendation, the Magistrate recommends that the petition be denied.  In doing so, the Magistrate rejected Petitioner's "fair cross section" argument because his claim regarding the constitutionality of KRS 29A.040(1) was procedurally defaulted, and further noted that Petitioner could not overcome that default because he failed to raise an ineffective assistance of counsel claim in state court.  (Doc. # 14, at 3-7). The Magistrate further concluded that neither the purported *Crawford* violation nor the purported insufficiency of evidence entitled Petitioner to relief.  (*Id.* at 7-11).

Petitioner's Objections focus on the Magistrate's rejection of his "fair cross section" argument and are as follows:

(1)     The state procedural rule requirement is not the sort of firmly established and followed state practice that can prevent implementation of federal constitutional rights, because the asserted state procedural bar was not in effect, had not yet been triggered, or had not been firmly established and regularly followed at the time the alleged default occurred even if it has been since then.

(2)     The state procedural rule on its face or as applied is arbitrary or violates due process

(3)     The state rule on its face or as applied resulted in a finding that petitioner

2

waived a federal right, even though federal law precludes such a finding, such as a lack of subject matter jurisdiction

(4)     The state procedural rule on its face or as applied is designed to frustrate or has the effect of frustrating federal rights

(5)     The state rule on its face or as applied did not allow a reasonable opportunity to have the issue as to the claimed federal right heard and determined by the state court in the circumstances of this case

(6)     The state procedural rule on its face or as applied is pointless or an arid ritual of meaningless form and does not serve a legitimate state interest

(7)     The means utilized to raise Petitioner's fair cross section claim, even if they did not comply with the state rule, substantially served the state interest behind the rule

(Doc. # 22).

## II.     DISCUSSION

### A.     Kentucky's Notice Requirement Was Firmly Established

As noted, Petitioner challenges the constitutionality of KRS 29A.040(1), which reads:

A list of all persons over the age of eighteen (18) and holding valid driver's licenses which were issued in the county, of the names and addresses of all persons filing Kentucky resident individual income tax returns which show an address in the county, and of all persons registered to vote in the county shall constitute a master list of prospective jurors for a county.

However, the Kentucky Court of Appeals declined to consider the merits of this argument

because Petitioner did not comply with the Commonwealth's requirement that a party must

give notice to the Kentucky Attorney General when challenging the constitutionality of a

statute:

It is well-established that KRS 418.075 and [Kentucky Rule of Civil Procedure] 24.03 require a party challenging the constitutionality of a statute to serve the Attorney General with notice of such challenge. *Brashars v. Com.*, 25 S.W.3d 58 (Ky. 2000); *Benet v. Com.*, 253 S.W.3d 528 (Ky. 2008). KRS 418.075 specifically mandates that notice to the Attorney General must be given prior to entry of the trial court's judgment. *Benet*, 253 S.W.3d 528.

3

> And, the Kentucky Supreme Court recently held "[w]e have made plain that strict compliance with the notification provisions of KRS 418.075 is mandatory." *Benet*, 253 S.W.3d at 532. More particularly, a party's failure to strictly comply with the notification provision of KRS 418.075 will result in a constitutional challenge being deemed unpreserved and not subject to review upon the merits. *Brashars*, 25 S.W.3d 58; *Benet*, 253 S.W.3d 528.
>
> In the case *sub judice*, it is uncontroverted that neither Smith nor Simmons gave notice to the Attorney General of their challenge to the constitutionality of KRS 29A.040 as required by KRS 418.075 and CR 24.03. As such, we conclude that their challenge to the constitutionality of KRS 29A.040 is unpreserved and may not be reviewed on appeal.

(Doc. # 12-16, at 4-5) (footnote omitted); (Doc. # 14, at 4). As a result, the Magistrate Judge deemed this challenge to be procedurally defaulted. (Doc. # 14, at 5).

Petitioner now argues that the notice requirement was not firmly established because the decision of the Supreme Court in *Benet* was rendered after his trial. However, Petitioner made this argument almost verbatim in his Reply to Respondent's Answer (Doc. # 13, at 5), which the Magistrate then rejected:

> Petitioner tersely argues that the procedural bar was not firmly established because *Benet v. Commonwealth*, one of the cases relied upon by the Kentucky Court of Appeals, was not issued until after petitioner's trial. This argument is without merit. *Benet* was indeed issued after petitioner's trial (but before petitioner filed a motion for a new trial). However, *even before petitioner's trial* Kentucky courts had regularly refused to consider challenges to the constitutionality of statutes if a party had not complied with the notice provisions of KRS 418.075 and/or CR 24.03.

(Doc. # 14, at 5 n. 4) (citations omitted).

Objections must specifically challenge portions of the report or the proposed findings or recommendations. 28 U.S.C. § 636(b)(1). As a result, Defendant's assertion, which is nothing more than a regurgitation of his reply brief, does not compel further consideration. *Cole v. Yukins*, 7 F.App'x 354, 356 (6th Cir. 2001) (holding that filing of vague, general, or conclusory objections to magistrate judge's report and recommendation does not meet

4

requirement of specific objections and is tantamount to complete failure to object) (citation omitted); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Setting aside the insufficiency of his assertion, the Court agrees with the Magistrate Judge's well-reasoned conclusion that Petitioner's objection is without merit.  As the Magistrate aptly noted, even before Petitioner's trial, Kentucky courts had regularly refused to consider challenges to the constitutionality of statutes if a party had not complied with the notice requirement.  *See Brashars v. Commonwealth*, 25 S.W.3d 58, 64-66 (Ky. 2000) (holding that the defendants' failure to notify the Attorney General of their constitutional challenges to the Sex Offender Registration Act alone provided the trial court with a sufficient basis to reject the challenges); *Hayes v. Commonwealth*, 175 S.W.3d 574, 589 (Ky. 2005) (declining to address the constitutionality of the statute prohibiting possession of anhydrous ammonia in an unapproved container because the claim was not raised in the trial court and notice was not given to the Attorney General); *Jacobs v. Commonwealth*, 947 S.W.2d 416, 419 (Ky. Ct. App. 1997) (declining to address the constitutionality of the statutory provisions distinguishing the six types of homicide because the defendant did not

provide the Attorney General with notice of the challenge before the trial court).  These cases establish that Kentucky's notice requirement *was* firmly established prior to his trial.

### B.      Remaining Objections

As with his first objection, Petitioner's remaining objections are literally verbatim to the arguments raised in his Reply to Respondent's Answer.  (Doc. # 13, at 5-6); (Doc. # 22, at 3-4).   More importantly, these contentions are nothing more than bald, if not incomprehensible assertions supported by only vague references to case law.  As such, they merit no further consideration.

### III.    CERTIFICATE OF APPEALABILITY

Although not addressed by the Magistrate Judge, the Court will assess the appropriateness of a certificate of appealability in this matter.   *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  This, of course, depends upon whether Petitioner has "made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).

At the outset, the Court notes that Petitioner made no objections as to his latter two grounds for relief, i.e., that the introduction of his co-defendant's statement constituted a *Crawford* violation and that there was insufficient evidence to support a conclusion that he sold cocaine.  These grounds, then, cannot be considered on appeal.  *Cole*, 7 F. App'x at 356 (recognizing that litigants must file specific and timely objections to a magistrate's report and recommendation in order to preserve the right to appeal a subsequent order of the district court adopting that report) (citations omitted).

With respect to his "fair cross section" argument, the Court reiterates that his vague objection constitutes a waiver and, in any event, Kentucky courts have consistently refused to consider challenges to the constitutionality of statutes if a party had not complied with

6

the notice requirement.  Moreover, Petitioner's challenge is in and of itself questionable,

as touched on in the April 10, 2013 Memorandum Order:

> [T]he Supreme Court of Kentucky has held that an earlier version of KRS 29A.040, which "directed that the master list from which names of prospective jurors shall be selected shall consist of the voter registration lists and the property tax rolls for the county," was constitutional, as it "represent[ed] an effective manner by which to insure representative jury panels from segments of the community."  *Ford v. Commonwealth*, 665 S.W.2d 304, 307-308 (Ky. 1983) (citations omitted).  Moreover, in *Smith v. White*, No. 3:11-CV-570-C, 2012 WL 3961233, at *12-13 (W.D. Ky. Aug. 7, 2012), Magistrate Judge Dave Whalin concluded that the petitioner therein could not satisfy the standard for habeas relief because fair-minded jurists could reasonably debate the Kentucky Court of Appeals application of *Duren v. Missouri*, 439 U.S. 357 (1979), i.e., that the petitioner "failed to demonstrate that the method for selection of the jury pool under KRS 29A.040 was unreasonable, or that any systemic exclusion of a distinctive group had resulted from the use of this statutory method of selection."  The Magistrate's report and recommendation was subsequently adopted by the Western District of Kentucky in *Smith v. Warden*, No. 11-570-C, 2012 WL 3947609 (W.D. Ky. Sept. 10, 2012).

(Doc. # 21, at 3-4).  Petitioner, then, has not made his required "substantial showing," and

no certificate of appealability shall be issued.

## IV.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   Petitioner Charles Smith's Objections (Doc. # 22) to the Magistrate's Report

& Recommendation are **OVERRULED**;

(2)   The Magistrate's Report & Recommendation (Doc. # 15) is **ADOPTED** as the

Findings of Fact and Conclusions of Law of the Court;

(3)   Petitioner Charles Smith's Petition for Writ of Habeas Corpus (Doc. # 1)

pursuant to 28 U.S.C. § 2254 is **DENIED**;

(4)   This matter is **STRICKEN** and **DISMISSED** from the docket of the Court; and

7

(5)     There would be no arguable merit for an appeal in this matter and, therefore,

no certificate of appealability shall issue.

This 28th day of May, 2013.



Signed By:

**David L. Bunning**

**United States District Judge**

G:\DATA\ORDERS\Lexington\12-59 Order Adopting R&R.wpd

8